JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Wausau Business Insurance Company ("Wausau"), appeals the judgment of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by plaintiff-appellee, Diana Quinones ("Quinones"), and declared Quinones an insured under a commercial business policy issued by Wausau to Quinones's employer, the Solon City School District, thereby entitling Quinones to underinsured motorist benefits under the Wausau policy. For the reasons that follow, we reverse.
 {¶ 2} On April 28, 1998, Quinones and non-party James Noble ("Noble") were driving their respective vehicles in opposite directions on Cannon Road in Solon, Ohio when Noble allegedly crossed the center line and collided with the vehicle driven by Quinones. At the time of the accident, Quinones was employed by the Solon City School District, which had in force a commercial business policy of insurance issued by Wausau. It is undisputed that Quinones was not acting within the course and scope of her employment at the time of this accident nor was she driving a vehicle owned or operated by the school district.
 {¶ 3} More than two years later, in September 2000, Quinones notified Wausau of the accident and sought underinsured motorist coverage under the Wausau policy. Quinones claimed to be entitled to this coverage pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co. (1999),85 Ohio St.3d 660. Wausau denied the claim. Quinones thereafter filed a declaratory judgment action against Wausau, among others.[1] Wausau answered and counterclaimed for declaratory relief as well.
 {¶ 4} Wausau moved for summary judgment, as did Quinones. Wausau argued, inter alia, that Quinones was not an insured as defined by the policy because she was not acting within the scope of her employment and, therefore, was not entitled to uninsured/underinsured ("UM/UIM") coverage. Quinones, on the other hand, argued that several appellate districts, including this district in Mizen v. Utica Natl. Ins. Group
(2000), 147 Ohio App.3d 274, have found no such preclusion under statutory law.[2]
 {¶ 5} In its judgment entry denying Wausau's motion and granting Quinones's, the court relied on Mizen and declared Quinones an insured under the policy thereby entitling her to UM/UIM coverage. Wausau thereafter filed the instant appeal.
 {¶ 6} Since this court's decision in Mizen, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849
and found the coverage Quinones seeks unavailable because she was not acting within the course and scope of her employment. "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus. Relying on Galatis, the Ohio Supreme Court contemporaneously upheld the denial of UM/UIM coverage to employees of a school district where those employees were not acting within the course and scope of their employment. See In re Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d ___, 2003-Ohio-5888, at ¶¶ 54, 55, 56, 64, 66 and 73.
 {¶ 7} In this case, it is undisputed that Quinones was not acting within the course and scope of her employment with the Solon City School District at the time of the April 1998 accident. Nor does the commercial automobile policy at issue contain any language that would extend coverage to an employee such as Quinones under the facts of this case. Upon the authority of Galatis, no genuine issue of material fact remains to be litigated. Quinones was not entitled to judgment in her favor as a matter of law and the trial court erred in granting her as much. On the contrary, Wausau is entitled to judgment in its favor as a matter of law and the trial court erred in not granting its motion for summary judgment.
 {¶ 8} The judgment of the trial court is reversed and judgment is entered in favor of Wausau.
Patricia A. Blackmon, P.J., and Anne L. Kilbane, J., concur.
[1] Quinones's complaint also named Nationwide Insurance Group as a defendant. She voluntarily dismissed her claims against this defendant, however, before the parties' respective motions for summary judgment were filed.
[2] See, also, Stubbins v. Nationwide Agribusiness Ins. Co., 6th Dist. No. F-02-031, 2003-Ohio-3456; Wilson v. Haimerl, 12th Dist. No. CA2002-08-017, 2003-Ohio-1774; Gates v. Nationwide Ins. Co., 12th Dist. No. CA2002-10-086, 2003-Ohio-1773; Griffith v. Wausau, 10th Dist. Nos. 02AP-551 and 02AP-664, 2003-Ohio-955; Congrove v. Wausau Ins. Cos., 4th Dist. No. 02CA8, 2003-Ohio-1083; Carle v. Stumbo, 4th Dist. No. 02CA2,2003-Ohio-1084; Westfield Ins. Co. v. Wausau Business Ins. Co., 5th Dist. Nos. 2002CA00138 and 2202CA00150, 2002-Ohio-7391; but, see, In reUninsured and Underinsured Motorist Coverage Cases, 100 Ohio St.3d ___,2003-Ohio-5888, discussed infra.