JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Visiting Judge Ralph McAllister that granted summary judgment to Genesis Insurance Company ("Genesis"), American States Insurance Company ("American") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") on underinsured motorist ("UIM") claims under policies issued to the employers of appellants Emmett and Ramona Tolbert. We affirm.
 {¶ 2} On October 26, 2000, Mrs. Tolbert and her minor children, Steffon and Stefani, were passengers in a car owned by Mr. Tolbert and driven by Joicelyn Miley. While on Interstate 65, in Smiths Grove, Kentucky, Ms. Miley lost control of the car and collided with a tree which resulted in personal injuries to Stefani and Mrs. Tolbert and death to Steffon. Ms. Miley had no personal automobile liability insurance and the Tolberts' automobile insurer, Liberty Mutual, tendered its $100,000 UM/UIM policy limits to Mrs. Tolbert, Stefani Tolbert, and the Estate of Steffon Tolbert.
 {¶ 3} In October of 2000, Mr. Tolbert was employed by Giant Eagle, Inc., which was insured under a commercial automobile liability policy and a commercial general liability policy issued by Genesis and a commercial umbrella excess insurance policy issued by National Union. Mrs. Tolbert was employed by the Cuyahoga County Department of Children and Family Services, which employment was approved by the Board of Commissioners of Cuyahoga County ("Board"). In effect at that time was an American business automobile issuance policy under which the Board was the named insured. Mr. Tolbert, as administrator of his son's estate, and Mrs. Tolbert, as an individual and as parent and natural guardian of her daughter, filed a declaratory judgment action against the three carriers seeking a determination of their rights asScott-Pontzer insureds[1] and monetary compensation.
 {¶ 4} All parties moved for summary judgment, and the judge ruled that each defendant insurer had obtained a valid written rejection of UM/UIM coverage from each named insured and that the Tolberts had presented no evidence to rebut the presumption of the required offer and rejection of UM/UIM coverage afforded by R.C. 3937.18(C). He denied the Tolberts' motions for summary judgment and granted summary judgments to Genesis, National Union, and American.
 {¶ 5} The Tolberts' sole issue on appeal is that the purported UM/UIM rejection forms were insufficient as a matter of law, and they request that we find coverage in their favor and remand the case back for a determination of their damages.
 {¶ 6} We need not reach this issue of valid rejections because, under the newly released opinion Westfield Ins. Co. v.Galatis[2] "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[3]
Neither of the Tolberts sustained a loss while within the course and scope of their employment. Therefore, had each of the above policies provided UM/UIM coverage to each named insured/corporation by operation of law or otherwise, Mr. and Mrs. Tolbert would not be insureds thereunder. We, therefore, affirm the judgment, albeit for another reason.[4] The assignment of error is overruled.
Judgment affirmed.
Patricia A. Blackmon, P.J., and Sean C. Gallagher, J., Concur.
[1] 1Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[2] 100 Ohio St.3d 216, 2003-Ohio-5849.
[3] Id., paragraph two of the syllabus.
[4] Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96,551 N.E.2d 172.