OPINION
{¶ 1} Plaintiffs-appellants Jeffrey H. Cross, Denise Cross, Amy McDaniel, Kelsie Cross and Heidi Cross [hereinafter appellants][1]
appeal from the April 10, 2003, Judgment Entry of the Ashland County Court of Common Pleas which granted summary judgment in favor of defendant Horace Mann-Teachers Insurance, and appellees Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company and Travelers Indemnity Company of Illinois' Motions for Summary Judgment and denied appellants' Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This action arose from a vehicular accident that occurred on September 11, 1994. James Leichliter was operating a motor vehicle when it traveled left of the centerline and struck another vehicle. At the time of the crash, 19 year old Kristina Cross was riding as a passenger in the Leichliter vehicle. Both Kristina Cross and Leichliter died from injuries suffered in the crash.
 {¶ 3} At the time of the crash, Leichliter was covered by an automobile liability policy issued by Erie Insurance Company. That policy provided bodily injury liability coverage of $25,000.00 for each occurrence. No Estate was opened on behalf of Leichliter. On December 13, 1994, the Clark County Probate Court authorized the settlement of wrongful death and survival claims against the Estate of James Leichliter for the $25,000.00 available limits of bodily injury liability insurance coverage.
 {¶ 4} At the time of the collision, Kristina Cross resided with her parents, Jeffrey Cross and Denise Cross. Jeffrey Cross was employed by the Northeastern Local School District, which maintained a commercial auto policy with appellee Nationwide Mutual Fire Insurance Company [hereinafter Nationwide Fire] (Policy No. 91 BA 400-671-0001 L). That policy included an Ohio Uninsured Motorist Coverage Endorsement with uninsured/underinsured motorists [hereinafter UM/UIM] coverage of $1,000,000.00 for each occurrence. The School District also maintained a commercial umbrella liability policy with appellee Nationwide Mutual Insurance Company [hereinafter Nationwide] (Policy No. 91 CU 401-331-0003L). That policy provided bodily injury liability coverage of $1,000,000.00 for each occurrence.
 {¶ 5} At the time of the accident, Denise Cross was employed by Wittenberg University which maintained a commercial auto policy with appellee The Travelers Indemnity Company of Illinois [hereinafter Travelers] (Policy No, TC2J-CAP-230T5861-TIL-94). That policy included an UM/UIM Endorsement with UM/UIM coverage of $1,000,000.00 for each occurrence. Wittenberg University also maintained a Travelers Commercial General Liability Policy (Policy No. TC2J-GLSA-230-T-5885). That policy provided coverage of $1,000,000.00 for each occurrence.
 {¶ 6} On May 28, 2002, appellants filed a complaint in the Court of Common Pleas for Ashland County seeking a declaratory judgment that the various insurance policies issued by appellees provided UM/UIM coverage for appellants' damages arising from the wrongful death of Kristina Cross. On June 27, 2002, appellees Nationwide Fire and Nationwide filed their answer and counterclaim for declaratory judgment. On July 9, 2002, appellants filed a joint response to the counterclaim of appellees Nationwide Fire and Nationwide. On July 12, 2002, appellee Travelers filed an answer and counterclaim. On July 18, 2002, appellants filed a joint response to the counterclaim of appellee Travelers. On or about July 29, 2002, appellee Horace Mann-Teachers Insurance filed an answer.
 {¶ 7} Thereafter, Horace Mann-Teachers Insurance, appellee Travelers and appellees Nationwide Fire and Nationwide filed motions for summary judgment. On December 31, 2002, appellants filed separate motions for summary judgment on Nationwide Fire policy 91 BA 400-671-0001 L, Nationwide commercial umbrella liability policy No. 91 CU401-331-0003L, Travelers commercial auto policy No. TC2J-CAP-230T5861-TIL-94 and Travelers commercial general liability policy No. TC2J-GLSA-230-T-5885. On January 2, 2003, appellants filed a notice of voluntary dismissal of their claims against Horace Mann-Teachers Insurance.
 {¶ 8} On April 10, 2003, after the filing of several memorandums opposing summary judgment and affidavits in support of the various claims of summary judgment, the trial court filed a Judgment Entry granting summary judgment in favor of appellees Nationwide Fire, Nationwide and Travelers. In that Judgment Entry, the trial court also denied appellants' motions for summary judgment.
 {¶ 9} It is from the April 10, 2003, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 10} "I. The trial court erred to the prejudice of appellants, Jeffrey H. Cross, Denise Cross, Amy McDaniel, Kelsie Cross, and Heidi Cross in granting summary judgment in favor of appellee, Nationwide Mutual Fire Insurance Company, and denying appellants' motion for summary judgment on appellants' underinsured motorist claims against Nationwide Commercial Auto Policy Number 91 BA 400-671-0001 L.
 {¶ 11} "II. The trial court erred to the prejudice of appellants, Jeffrey H. Cross, Denise Cross, Amy McDaniel, Kelsie Cross, and Heidi Cross in granting summary judgment in favor of appellee, Nationwide Mutual Insurance Company, and denying appellants' motion for summary judgment on appellants' underinsured motorist claims against Nationwide Commercial Umbrella Liability Policy Number 91 CU 401-331-0003L.
 {¶ 12} "III. The trial court erred to the prejudice of appellants, Jeffrey H. Cross, Denise Cross, Amy McDaniel, Kelsie Cross, and Heidi Cross in granting summary judgment in favor of appellee, the Travelers Indemnity Company of Illinois, and denying appellants' motion for summary judgment on appellants' underinsured motorist claims against Travelers Commercial Auto Policy Number TC2J-CAP-230T5861-TIL-94.
 {¶ 13} "IV. The trial court erred to the prejudice of appellants, Jeffrey H. Cross, Denise Cross, Amy McDaniel, Kelsie Cross, and Heidi Cross in granting summary judgment in favor of appellee, the Travelers Indemnity Company of Illinois, and denying appellants' motion for summary judgment on appellants' underinsured motorist claims against Travelers Commercial General Liability Number TC2J-GLSA-230-T-5885."
 I {¶ 14} In the first assignment of error, appellants argue that the trial court erred when it granted summary judgment in favor of appellee Nationwide Mutual Fire Insurance Company (Nationwide Fire) and denied summary judgment in favor of appellants. Appellants contend that they are each insured under the Nationwide Fire Commercial Auto Policy Number 91 BA 400-671-0001 L [hereinafter CAP] issued to the Northeastern Local School District. The CAP contained an express UM/UIM endorsement. Jeffrey Cross, father of decedent Kristina Cross, was an employee of the Northeastern Local School District.
 {¶ 15} Appellants' arguments are based upon Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The Ohio Supreme Court recently limited the holding in Scott-Pontzer. InWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, the Ohio Supreme Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888. The Galatis court further held that a policy which designates a corporation as a named insured and designates "family members" of the named insured as other insureds does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured. Id., paragraph three of syllabus. Although this case concerns a school district rather than a corporation, the reasoning was extended to school districts by InRe Uninsured, supra. In accord, Quinones v. Wausau Business Ins. Co.,
Cuyahoga App. No. CV-442604, 2003-Ohio-6043.
 {¶ 16} Kristine Cross was killed while a passenger in a private automobile while on personal business. Thus, the injuries and loss were not suffered by an employee of Northeastern Local School District while said employee was in the course and scope of his employment with the Northeastern Local School District. Further, Jeffrey Cross was not a named insured in the CAP. Accordingly, appellants would not be insured under the express UM/UIM endorsement.
 {¶ 17} Appellant's first assignment of error is overruled.
 II {¶ 18} In the second assignment of error, appellants assert that the trial court erred to their prejudice when it granted summary judgment in favor of appellee Nationwide Mutual Insurance Company (Nationwide) and denied appellants' motion for summary judgment in regard to the Nationwide commercial umbrella policy, number 91 CU 401-331-0003L [hereinafter umbrella policy] issued to Northeastern Local School District. Jeffrey Cross, father of decedent Kristina Cross, was an employee of this school district. We disagree.
 {¶ 19} Appellants contend that the umbrella policy had to provide UM/UIM coverage unless it was properly rejected. Since the coverage was not offered nor properly rejected, appellants argue that UM/UIM coverage arose by operation of law. Appellants continue their argument by asserting that because they were insured by the underlying policy, they are insured under the umbrella policy.
 {¶ 20} When UM/UIM coverage is sought under an insurance policy which names a corporation as the named insured, the Ohio Supreme Court has limited UM/UIM coverage which arises by operation of law to employees within the course and scope of their employment. Galatis, supra. and InRe Uninsured and Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888. Further, in such instances, when the policy designates "family members" of the insureds as other insureds, no coverage is extended to family members unless the employee involved is a named insured. Id. Here, no injury or loss was sustained while an employee of Northeastern Local School District was in the course and scope of employment with the Northeastern Local School District. Therefore, even assuming UM/UIM coverage arose by operation of law under the umbrella policy, such coverage would not extend to appellants.
 {¶ 21} Accordingly, the assignment of error is overruled.
 III {¶ 22} In the third assignment of error, appellants contend that the trial court erred when it granted summary judgment in favor of appellee Travelers and denied summary judgment in favor of appellants. Appellants allege that appellants and the decedent are each insured under the Travelers Commercial Auto Policy [hereinafter CAP], policy number TC2J-CAP-230T5861-TIL-94 issued to Wittenberg University. In fact, appellants assert that the CAP contains the identical Business Coverage Form and Ohio Uninsured Motorist Coverage form held to be ambiguous inScott-Pontzer, supra. Denise Cross, mother of decedent Kristina Cross, was employed by Wittenberg University.
 {¶ 23} As stated in assignment of error I, the Ohio Supreme Court has significantly limited the holding in Scott-Pontzer, supra. The injuries and loss in this case did not occur within the course and scope of Denise Cross' employment with Wittenberg University and Denise Cross was not a named insured. For the reasons stated in assignment of error I, appellant's assignment of error is overruled on the authority ofGalatis.
 {¶ 24} Accordingly, upon review, we overrule appellants' third assignment of error.
 IV {¶ 25} In the fourth assignment of error, appellants argue that the trial court erred when it granted summary judgment in favor of Travelers and denied summary judgment to appellants. Specifically, appellants allege that the trial court erred when it held that the Travelers commercial general liability [hereinafter CGL] policy (number TC2J-GLSA-230-T-5885) issued to Wittenberg University was not subject to R.C. 3937.18. Denise Cross, mother of decedent Kristina Cross, was employed by Wittenberg University.
 {¶ 26} We find appellants' argument meritless. Assuming arguendo, that the CGL is an automobile liability policy, through which coverage arises by operation of law, appellants are not entitled to UM/UIM coverage. Pursuant to Galatis, supra., and In Re Uninsured, supra., when UM/UIM coverage arises by operation of law, such coverage extends only to employees who suffer the loss or injury while in the course and scope of their employment. Because this accident did not involve an employee of Wittenberg University who was acting within the course and scope of employment, appellants are not entitled to UM/UIM benefits from the CGL.
 {¶ 27} Appellants' fourth assignment of error is overruled.
 {¶ 28} The judgment of the Ashland County Court of Common Pleas is hereby affirmed.
Wise, P.J. and Boggins, J., concur.
[1] Jeffrey H. Cross and Denise Cross are Kristina Cross' parents. Amy McDaniel, Kelsie Cross and Heidi Cross are Kristina Cross' sisters.