JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Kathleen Boyers Richardson, was injured in an automobile accident with an uninsured driver. At the time of the accident, she was employed by Cintas Corporation. She and her husband, plaintiff-appellant, Christopher Richardson, sought coverage under a business liability policy issued to Cintas by defendant-appellee, Lumbermens Mutual Casualty Company. The record shows that Kemper Insurance Companies, also named as a defendant, was a trade name used for a group of insurance companies, including Lumbermens. Consequently, we refer to Lumbermens and Kemper collectively as "Lumbermens."
Appellants' claims against Lumbermens were based uponScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1990-Ohio-292, 710 N.E.2d 1116, and Ezawa v. Yasuda Fire Marine Ins. Co. of Amer., 86 Ohio St.3d 557, 1999-Ohio-124,715 N.E.2d 1142. The trial court granted summary judgment in favor of the insurers based on this court's decision in Hans v. HartfordIns. Co., 1st Dist. No. C-020500, 2003-Ohio-3045.
In their sole assignment of error, appellants contend that the trial court erred in entering summary judgment for Lumbermens. They contend that Hans is not applicable to the present case. We need not reach that issue.
In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, the Ohio Supreme Court overruledEzawa and limited Scott-Pontzer to cases where the loss occurs within the employee's scope of employment. Since Kathleen Boyers Richardson was not acting within the scope of her employment at the time of the accident in this case, she was not covered under the insurance policy issued to her employer by Lumbermens. See Tolbert v. Genesis Ins. Co., 8th Dist. No. C-82171, 2003-Ohio-6169; Mackie v. Continental Ins. Co., 10th Dist. Nos. 02AP-1305 and 02AP-1306, 2003-Ohio-6188.
No material facts remained to be litigated. Reasonable minds could have reached but one conclusion — that appellants were not entitled to uninsured motorist coverage under the policy issued by Lumbermens. Lumbermens was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. See Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 375 N.E.2d 46; Quinones v. Wasau Bus. Ins.Co., 8th Dist. No. 82323, 2003-Ohio-6043. Accordingly, we overrule appellants' sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Sundermann, JJ.