OPINION
{¶ 1} Appellant, Wausau Business Insurance Company ("Wausau"), appeals the judgment entry of the Lake County Court of Common Pleas granting appellees, Carolyn and Harry Keagler's ("the Keaglers"), motion for summary judgment.
 {¶ 2} On July 17, 1998, Carolyn Keagler was involved in an automobile collision with Ray Barisic, who had crossed over the center line on State Route 306 in Kirtland, Ohio. Carolyn's husband, Harry, was not present at the collision but filed a claim for loss of consortium. At the time of the collision, the Keaglers had their own automobile insurance policy issued by USAA Property Casualty Insurance Company ("USAA"). The USAA policy provided underinsured motorist coverage of $100,000 per person and $300,000 per accident.
 {¶ 3} On the date of the collision, Carolyn Keagler was employed by the Kirtland Local School District ("KLS"). KLS carried a commercial automobile liability policy issued by Wausau, which provided UM/UIM coverage.
 {¶ 4} The Keaglers filed their initial complaint against Defendants Ray Barisic and USAA, alleging that Barisic negligently operated his vehicle and that he was an underinsured motorist. They also sought UIM coverage from their own insurer, USAA.
 {¶ 5} The Keaglers later amended their complaint to add Wausau as a new party defendant, alleging that they were entitled to UIM coverage under a policy issued by Wausau to KLS. Finally, the Keaglers added Continental Casualty Company ("Continental") as a new party, pursuant to Civ.R. 20. Continental had issued a policy to V Group Architects, Inc., where Harry Keagler was employed at the time the collision occurred.
 {¶ 6} On January 11, 2001, Wausau filed a motion for summary judgment, contending that the Keaglers were not insureds under the policy issued to KLS. The trial court subsequently dismissed the motion on March 19, 2001. On May 23, 2001, Wausau filed an appeal with this court, which was subsequently dismissed for lack of a final appealable order.[1]
 {¶ 7} On April 23, 2001, by agreement of the parties, all claims, counterclaims, and cross-claims were settled and dismissed with prejudice and the Keaglers and Wausau agreed that the sum of $200,000, plus statutory interest, would be paid to the Keaglers if the coverage issues were resolved by way of legal briefing, final appellate review, and a decision by the Supreme Court of Ohio in the Keaglers' favor.
 {¶ 8} On March 13, 2002, the Keaglers filed a motion for summary judgment contending that, pursuant to the holding inScott-Pontzer, they were insureds under the Wausau policy.[2] On May 21, 2002, the trial court issued a judgment entry granting the Keaglers' motion for summary judgment, finding that no genuine issue of material fact existed regarding the Keaglers' status as insureds under the Wausau policy, pursuant to Scott-Pontzer. Wausau subsequently filed a notice of appeal with this court. The Keaglers subsequently settled all claims against all other defendants.
 {¶ 9} On May 9, 2003, Wausau filed a motion to stay proceedings with this court until a ruling was made by the Supreme Court of Ohio in Allen v. Johnson, dealing with the identical issue presented by this appeal.[3]
 {¶ 10} Wausau's motion was construed as a motion for a continuance and all subsequent proceedings were stayed in the instant appeal until the Supreme Court of Ohio issued its decisions on certain pending cases involving the issue of UIM motorist clauses in insurance contracts. On November 10, 2003, Wausau filed a motion to lift the stay, as the Supreme Court of Ohio had issued its decisions in Allen and Westfield Ins. Co.v. Galatis involving UIM motorist clauses.[4] This court lifted the stay in a judgment entry dated February 20, 2004, allowing the instant appeal to proceed.
 {¶ 11} Wausau presents a single assignment of error on appeal:
 {¶ 12} "The trial court erred in granting summary judgment against Wausau Business Insurance Company, the appellant."
 {¶ 13} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5] In addition, it must appear from the evidence and stipulations that reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[6] The standard of review for the granting of a motion for summary judgment is de novo.[7]
 {¶ 14} Initially, the party moving for summary judgment must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[8] If this burden is met, the non-moving party must show that there is a genuine issue of fact for trial.[9]
 {¶ 15} In the instant case, the trial court found that the Keaglers were entitled to summary judgment as a matter of law. However, in light of the recent prevailing case law, we disagree.
 {¶ 16} UIM motorists claims brought pursuant to the holding in Scott-Pontzer have been significantly limited by the Supreme Court of Ohio's holding in Westfield. In Westfield, the court limited Scott-Pontzer's application to claims involving an employee injured within the course and scope of employment.[10] Thus, the party seeking UIM coverage as an insured pursuant to the holding in Scott-Pontzer must establish that the employee of the corporation sustained a loss that occurred within the course and scope of employment.[11]
 {¶ 17} In the instant case, Carolyn Keagler was employed with KLS and the collision occurred on July 17, 1998, when school was not in session for the summer. Moreover, according to the sworn affidavit of Janet Messner, Treasurer for KLS, which was filed with Wausau's brief in opposition to the Keaglers' motion for summary judgment, Carolyn Keagler was not acting in the course and scope of her employment with KLS during the time the collision occurred. Therefore, pursuant to Westfield, the Keaglers cannot recover under the Scott-Pontzer theory of liability.
 {¶ 18} Wausau raises the additional issue of KLS' status as a school district within the state of Ohio and that, as such, is limited by statute in their ability to provide insurance coverage. As we have determined that the Keaglers cannot recover under the Scott-Pontzer theory, the issue of the extent of coverage provided by KLS as a school district need not be decided at this time and is moot.
 {¶ 19} As Carolyn Keagler was not acting in the course and scope of employment when the collision occurred, we conclude the trial court erred in entering summary judgment in favor of the Keaglers. Therefore, the judgment of the Lake County Court of Common Pleas is reversed, and judgment is entered in favor of Wausau.
Christley, J., Rice, J., concur.
[1] Keagler v. Barisic (Oct. 5, 2001), 11th Dist. No. 2001-L-085.
[2] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
[3] Allen v. Johnson, 100 Ohio St.3d 276, 2003-Ohio-5889.
[4] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[6] See Civ.R. 56(C).
[7] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[8] Dresher v. Burt, 75 Ohio St.3d at 293.
[9] Id.
[10] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, paragraph two of the syllabus.
[11] Id.