OPINION
{¶ 1} Appellants, Barry and Linnea Attenson, appeal the judgment entered by the Geauga County Court of Common Pleas. The trial court entered summary judgment in favor of appellees, Wausau Insurance Companies ("Wausau") and Horace Mann Insurance Co. ("Horace Mann").
 {¶ 2} On the evening of September 22, 1998, Barry Attenson received injuries as a result of a car accident. According to the complaint, the alleged tortfeasor had been drinking at the Auburn Inn and was intoxicated at the time of the accident. Linnea Attenson is Barry Attenson's wife, and is also a plaintiff in this action. She was seeking compensation based upon a loss of consortium claim.
 {¶ 3} At the time of the accident, Barry Attenson was employed as a teacher with Kenston Local School District. However, he was not acting within the course and scope of his employment.
 {¶ 4} Appellants initiated a declaratory judgment action, seeking a declaration of their rights regarding insurance coverage from appellees. Appellants argued they were entitled to uninsured/underinsured motorists' coverage under the following insurance policies issued to Kenston Local School District: (1) a business auto policy issued by Wausau, (2) a liability umbrella policy issued by Wausau, (3) an educational liability policy issued by Wausau, (4) a commercial inland marine policy issued by Wausau, and (5) an educator's employment liability policy issued by Horace Mann. In entering summary judgment in favor of appellees, the trial court determined that the educational liability, commercial liability marine, and educator's employment liability policies were not automobile policies and, thus, appellants were not entitled to coverage under them. The trial court ruled that appellants were not entitled to coverage under the business auto or umbrella policies issued by Wausau, because Barry Attenson was off duty at the time of the accident.
 {¶ 5} Appellants raise the following assignment of error:
 {¶ 6} "The trial court erred when it [entered] summary judgment in favor of the appellees and denied appellants' motions for summary judgment."
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2] The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 8} Initially, we will address appellants' claimed error as it relates to Wausau.
 {¶ 9} The trial court found that neither the educational liability nor the commercial inland marine policies were automobile policies. In their brief, appellants do not argue that the trial court erred in relation to the commercial inland marine policy. However, they contend that the educational liability policy is an automobile policy.
 {¶ 10} For the reasons that follow, we hold that appellants are not entitled to coverage under either of these policies, even if the trial court erred by determining that they are not automobile policies.
 {¶ 11} In Scott-Pontzer, the Supreme Court of Ohio held that the term "you" when used in an insurance policy issued to a corporation is ambiguous.[4] Thus, the court held that the term "you" encompasses the employees of that corporation.[5]
 {¶ 12} The Supreme Court of Ohio has recently held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for the purposes of uninsured or underinsured motorist coverage covers a loss sustained by an employee only if the loss occurs in the scope and course of employment."[6] This holding has limited Scott-Pontzer coverage to instances where an employee is acting in the scope and course of employment.[7]
 {¶ 13} In their answer to Wausau's counterclaim, appellants admit that Barry Attenson was not acting within the course and scope of his employment at the time of the accident. Accordingly, the trial court found that Barry Attenson was off duty at the time of the accident. The trial court concluded that the relevant policies did not intend to provide coverage to off-duty employees.
 {¶ 14} On appeal, appellants cite several cases, includingScott-Pontzer, in support of the proposition that Scott-Pontzer coverage for employees extends to instances when they are acting outside the scope and course of their employment. However, in light of the Westfield
decision, these arguments are without merit.
 {¶ 15} The accident occurred at 8:09 p.m., and Barry Attenson was driving his personal vehicle. As such, the facts clearly indicate, and the trial court found, that Barry Attenson was not on duty at the time of the accident. In addition, appellants admit that he was not acting within the course and scope of his employment. Pursuant to the Westfield
decision, appellants are not entitled to insurance coverage from Wausau on a Scott-Pontzer theory under any of the policies issued to Kenston Local School District. Although the Westfield decision had not been decided at the time the trial court issued its judgment entry, the trial court's ultimate judgment, determining that appellants are not entitled to coverage under the Wausau policies, is consistent with the Westfield
decision.
 {¶ 16} The trial court held that R.C. 3313.201 and 3313.203 limit a school district's ability to offer insurance coverage to on-duty employees. In a similar case, this court held, in light of the Westfield
decision, that the issue of whether a school district is permitted to offer insurance coverage to off-duty employees was moot, because the employee was no longer entitled to recovery under a Scott-Pontzer theory of liability.[8] The Eighth Appellate District recently noted that "[r]elying on [Westfield], the Ohio Supreme Court contemporaneously upheld the denial of UM/UIM coverage to employees of a school district where those employees were not acting within the course and scope of their employment."[9] Again, pursuant to the Westfield decision, appellants were not entitled to insurance coverage from Wausau, because Barry Attenson was not acting in the course and scope of his employment.[10] Therefore, the issue of whether Kenston Local School District was permitted to offer coverage to off-duty employees is moot.[11]
 {¶ 17} We now turn to appellants' assigned error as it relates to Horace Mann.
 {¶ 18} The trial court determined that the Horace Mann policy was not an automobile policy. Thus, the court concluded no coverage existed under this policy.
 {¶ 19} The language of Horace Mann policy expressly limited coverage to employees within the course of "educational employment activities." Accordingly, even if we were to determine the policy provided automobile coverage, the language of the policy precluded coverage in the instant matter, because Barry Attenson was not acting within the course and scope of his employment at the time of the accident. Moreover, even if the contract was silent on the issue, coverage would still be precluded due to the Westfield decision.[12]
 {¶ 20} Appellants are not entitled to coverage under the Horace Mann policy issued to Kenston Local School District.
 {¶ 21} The trial court did not err in entering summary judgment in favor of appellees.
 {¶ 22} Appellants' assignment of error is without merit. The judgment of the trial court is affirmed.
Ford, P.J., Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 664.
[5] Id.
[6] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus.
[7] Id., citing Scott-Pontzer v. Liberty Mut. Fire Ins. Co., supra.
[8] Keagler v. Barisic, 11th Dist. No. 2002-L-090, 2004-Ohio-6953, at ¶ 18.
[9] Quinones v. Wausau Bus. Ins. Co., 8th Dist. No. 82323,2003-Ohio-6043, at ¶ 6, citing In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888, at ¶ 54, 55, 56, 64, 66, and 73.
[10] Westfield Ins. Co. v. Galatis, paragraph two of the syllabus.
[11] Keagler v. Barisic, at ¶ 18.
[12] Westfield Ins. Co. v. Galatis, supra.